No. 3312

Second Circuit

———

**STEWART v. KENNEDY AND DENNY CO., INC.**

———

(November 8, 1928. Opinion and Decree.)

———

George T. McSwee, of Shreveport, attorney for plaintiff, appellee.

Dickson and Denny, of Shreveport, attorneys for defendant, appellant.

## STATEMENT OF THE CASE

REYNOLDS, J. Plaintiffs, Thomas & Stewart, alleged that they sold and delivered to defendant, Kennedy & Denny Co., Inc., f. o. b. Sarepta, Louisiana, and at defendant's request shipped to Indiana Flooring Company, at Memphis, Tennessee, three car loads of oak lumber, amounting to 35,072 feet, board measure, for the agreed price of $18.50 per thousand feet, and had been paid on account thereof $354.90, and prayed for judgment against defendant for $294.92 with legal interest thereon from June 6, 1927, until paid, as and for the balance of purchase price.

Plaintiffs allege, in the alternative, that on the arrival of the lumber at Memphis, Tennessee, the consignee, Indiana Flooring Company, refused to accept it, and that at the request of defendant plaintiffs sent an agent there who measured and graded the lumber and sold it to the consignee as follows, to-wit:

9131 feet of C & B red and white oak at ............................................$38.00
10427 feet of common red and white oak at ............................................ 26.00
10981 feet of A common red and white oak at ............................................ 18.50

5772 feet of mill culls allowed as a credit on transportation charges.

And they prayed that in event they are denied judgment for the $294.92 and interest, as and for balance of purchase price, they be given judgment against defendant for the lumber received by the consignee according to the grades and prices and quantity aforesaid.

Defendant moved to require plaintiff to elect to stand on their principal or alternative demand, which motion was overruled.

Defendant then moved to strike out plaintiff's alternative demand, which motion also was overruled.

Thereupon defendant answered, alleging that it purchased from plaintiffs, f. o. b. Sarepta, Louisiana, at the price of $18.50 per thousand feet, board measure, to be shipped by plaintiffs to Indiana Flooring Company, at Memphis, Tennessee, for account of Dallas Cooperage & Wooden Ware Company of Dallas, Texas, to whom defendant had sold the lumber at $20.00 per thousand fet, three car loads of lumber 1x4 inches and wider, 8 feet or 8 feet and longer, dry No. 2, common and better, rough dry oak, not more than 35 per cent to be No. 2, and that the lumber shipped was not of that quantity and quality and that in consequence defendant had sustained a loss of $70.24, and it prayed that plaintiff's demand be rejected and that it be given judgment in reconvention against them for the sum of $70.24 with legal interest thereon from June 24, 1927, until paid.

On these issues the case was tried and there was judgment rendered in favor of plaintiffs and against defendant for the sum of $79.70 with legal interest thereon from the date of the judgment until paid and rejecting defendant's reconventional demand, and defendant appealed.

## OPINION

The evidence shows that plaintiffs sold to defendant f. o. b. Sarepta, Louisiana, three car loads of oak lumber of specified grades and quantities, with instructions to ship the lumber to Indiana Flooring Company, at Memphis, Tennessee. Plaintiffs called on defendant to send a representative to Sarepta to grade the lumber and this defendant refused to do. On arrival of the lumber at Memphis the consignee refused to accept it on the ground that it was not as represented by defendant and defendant requested plaintiffs to send a representative there to adjust the dispute and one of the plaintiffs did go to Memphis and measured and graded the lumber and induced the consignee to accept it as the grades and at the prices as set out in defendant's answer.

Under this state of facts the original agreement of sale and purchase between plaintiffs and defendant was by mutual agreement set aside and a new one tacitly entered into whereby plaintiffs sold to defendant and delivered to Indiana Flooring Company for defendant's account the lumber in question as of the grades and quantities and at the prices agreed upon between the consignee and plaintiffs' representative.

The evidence shows that after deducting the amount paid by defendant to plaintiffs on account of the lumber from the price defendant received from its vendee for the lumber there remained a balance of $79.70, the amount of the judgment appealed from.

Defendant's reconventional demand was properly rejected, since, as stated, the original contract between plaintiffs and defendant was abrogated by mutual consent.

We find no error in the judgment appealed from and accordingly it is affirmed.